IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMANDO C. GAMBOA, § | | |
| MOVANT, § | | |
| § | | |
| V. § | CASE NO. 3:19-CV-2832-D-BK | |
| § | (CRIMINAL 3:18-CR-159-D-1) | |
| UNITED STATES OF AMERICA, § | | |
| RESPONDENT. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Armando C. Gamboa's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be **DENIED**.

**I. BACKGROUND**

On October 23, 2018, Gamboa pled guilty to a single count indictment charging possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Gamboa*, 3:18-CR-159-D-1, Crim. Doc. 3 (N.D. Tex., 2018). On March 15, 2019, the District Court sentenced Gamboa to 64 months' imprisonment followed by a three-year term of supervised release. Crim. Doc. 35 at 2, 3. Gamboa did not pursue a direct appeal. Doc. 1 at 2.

Subsequently, the Supreme Court decided *Rehaif v. United States*, 588 U.S. —, 139 S. Ct. 2191 (2019) (holding that, in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm).

Gamboa timely filed this *pro se* Section 2255 motion challenging his sentence, claiming that, in light of *Rehaif*, his indictment was "fatally flawed" and his guilty plea was unknowing because the Government failed to establish that he knew he was a felon. Doc. 3 at 4, 6-7. The Government filed a response opposing Section 2255 relief, maintaining that Gamboa's claim is procedurally barred. Doc. 11. Gamboa did not submit a reply.

Upon review, the Court finds that Gamboa's claim is procedurally barred and, in any event, that it fails on the merits.

### II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid,* 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). When a Section 2255 movant fails to raise a claim on direct appeal, the claim is procedurally defaulted, absent a showing of cause and prejudice, or that the movant is "actually innocent" of the crime for which he was convicted. *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The movant might be able to demonstrate cause by raising a particularly "novel" claim, but he cannot do so by merely arguing that "'the legal basis for his claim was not reasonably available to counsel' at the time his plea was entered." *Bousley*, 523 U.S. at 622. To demonstrate prejudice, the movant bears the burden "of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage . . . ." *Shaid*, 937 F.2d at 236 (quoting *Frady*, 456 U.S. at 170 (emphasis in original)).

In the extremely rare case where a constitutional violation "has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). This claim of actual innocence must be based on new, reliable evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means "factual innocence" and "not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24. Where a movant asserts his actual innocence, he must show, as a factual matter, that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" presented in his habeas petition. *Schlup*, 513 U.S. at 327.

Relying on *Rehaif*, Gamboa claims that his indictment was flawed, and his guilty plea unknowing. Having failed to raise the claim on direct appeal, the Court agrees with the Government that it is procedurally defaulted, absent a showing of cause and prejudice, or that he is actually innocent.

Gamboa does not satisfy the cause-and-actual prejudice exception to excuse his failure to raise the validity of his plea on direct appeal. As to cause, Gamboa argues that the "Supreme Court decisions [sic] in *Rehaif*, at the time of sentencing . . . was not available . . . ." Doc. 1 at 5. This argument fails, as the unavailability of a legal basis when his plea was entered does not constitute cause. *See Bousley*, 523 U.S. at 623-24. Moreover, Gamboa's claim is not sufficiently "novel" to excuse his procedural default. *Id.* at 622. Indeed, *Rehaif* reversed well-established precedent in the majority of circuit courts, which routinely rejected the argument upon which Gamboa relies. *See Rehaif*, 139 S. Ct. at 2201 (Alito, J., dissenting); Doc. 3 at 4 (conceding that, pre-*Rehaif*, "the Fifth [C]ircuit had long held that knowledge of status was not an element" the prosecution had to prove under Section 922(g)).

Gamboa also argues that "counsel[] should have raised [the *Rehaif* issue] on direct appeal." Doc. 3 at 5. This claim likewise fails. Gamboa did not pursue a direct appeal during which his unidentified counsel could have raised the *Rehaif* issue. That notwithstanding, assuming an appeal and sufficient cause to excuse the procedural default, Gamboa still cannot satisfy the prejudice prong—to wit that he had a meritorious *Rehaif* claim as discussed *infra*. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("'Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.'" (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990))).

Gamboa also does not assert his actual innocence. That notwithstanding, the record is replete with evidence that, at the time of his plea, Gamboa was well aware of his status as a felon. Gamboa admitted in his Factual Resume and affirmed under oath at his rearraignment hearing that, when he was in possession of a firearm, he had been previously convicted of a felony. Crim. Doc. 21 at 2; Crim. Doc. 41 at 17. Indeed, as reflected in the Presentence Report (PSR), Gamboa had pled guilty to at least three prior felonies. Crim. Doc. 26-1 at 9-13, PSR ¶¶ 36, 37, 40, 42. No reasonable juror would have found that Gamboa was unaware of his status as a felon.[1] So, even if he attempted to, Gamboa could not fruitfully argue his actual innocence in this case.

---

[1] Under these facts, even if his claim was not procedurally barred, Gamboa could not prevail on the merits.

### III. CONCLUSION

Given the foregoing, Gamboa has failed to overcome the procedural bar. Thus, his Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 15, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).